Taixou, Chief-Justice.
 

 The case is somewhat different in its circumstances, from what it was when before appealed from, for it now appears that there was no rightful administrator on the effects of
 
 Francis Child.
 
 It follows thence, that if the Defendant has done any act which makes him liable as executor
 
 de son tort,
 
 the Plaintiff having established his debt, is entitled to recover. Another feature in thd case now is, that
 
 Clancy
 
 was appointed the Attorney in fact of
 
 Francis,
 
 and that the Defendant’s authority was derived under this agency.— Supposing therefore, that the Attorney was authorized to collect the money arising from the sale after the death of his principal, yet
 
 Clancy
 
 renounced the authority after hearing of the death of
 
 F. Child,
 
 and gave notice to the Defendant, that he had done so 5 but after this, when the Defendant was without a shadow of authority, he collected money belonging to the estate. This makes him an executor
 
 de son tort,
 
 and the remaining question is, whether the evidence of
 
 F.
 
 Child, having taken away horses belonging to the Defendant, was properly rejected. I think it was in no manner connected with the fact, which made the Defendant executor
 
 de son tort,
 
 viz : the taking into his possession ]the goods of his brother, and collecting bis debts ; and because if the Defendant meant to rely upon it, as authorizing him to retain, it was inadmissible. Such an executor cannot retain for his own debt, otherwise there would he a struggle among creditors to obtain possession of the goods, without obtain
 
 *333
 
 ing administration. If he pleads a retainer to satisfy his own debt, the Plaintiff may reply that he is executor
 
 de son
 
 tort,
 
 (Alexander
 
 v.
 
 Lane, Yelv.
 
 137). Nor can he defend himself by showing, that he has paid debts of deceased to the amount, of what he has received, unless he pleads
 
 plene adminislravit, (Whitehall
 
 v.
 
 Squire, Carthew
 
 104). I am of opinion that the case has been properly decided, and that the judgment be affirmed.
 

 Per Curiam — Judgment affirmed.